**Joseph C. SPINOLA, Plaintiff,**

v.

**Ricardo W. COLES, Irene J. Britton, Walter W. Cohen, Pennsylvania Department of Public Welfare, Youth Forestry Camp # 1, Defendants.**

**Civ. A. No. 86–60.**

United States District Court,
W.D. Pennsylvania.

Oct. 24, 1988.

Thomas Cordaro, Pittsburgh, Pa., for plaintiff.

Thomas Halloran, Deputy Atty. Gen., Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff was discharged on February 23, 1983 from his position as Director of the Commonwealth's Youth Forestry Camp # 1. Plaintiff filed this action under Title VII, alleging that he was discharged in retaliation for assistance he gave certain female employees who had been harassed by a male supervisor.

Defendant has moved for summary judgment, asserting that plaintiff has previously litigated these issues before the Pennsylvania Civil Service Commission and in subsequent appeals, and that principles of res judicata or issue preclusion bar the present action. To this end we must review those administrative and appellate proceedings in some detail.

Plaintiff was discharged on February 23, 1983 by a letter from defendant Coles. That letter recited 3 reasons for plaintiff's discharge: a) that plaintiff falsified a doctor's slip to justify taking a sick day; b) that plaintiff caused damage to a state vehicle and failed to report it; and c) that plaintiff's job performance was unacceptable due to repeated disciplinary violations.

Plaintiff appealed his discharge to the Pennsylvania Civil Service Commission challenging the truth of the Commonwealth's charges and asserting that his discharge was discriminatory retaliation for his aid to female employees. The Commonwealth dropped the charges of unacceptable performance. The Commission held a de novo hearing at which plaintiff

was represented by counsel, and concluded that the charges of falsifying a doctor's slip/abuse of sick leave and failure to report damage to a state vehicle were true and constituted just cause for dismissal. The Commission also rejected plaintiff's claim that his discharge was discriminatory, finding no evidence that plaintiff was treated differently than other employees in similar circumstances.

Plaintiff appealed to Commonwealth Court which issued an Opinion and Order affirming the Commission's findings. The Court rejected several procedural and evidentiary arguments raised by plaintiff and concluded that the Commission's findings, (i.e., that plaintiff falsified the doctor's slip and knowingly failed to report damage to the car) were based on substantial evidence of record. Plaintiff then sought allocatur from the Pennsylvania Supreme Court but the petition was denied.

It is clear from the administrative records and the decisions of the Commission and the Commonwealth Court that plaintiff raised there the identical claim of retaliatory discharge he asserts in the Title VII action. Furthermore the Commission concluded that the reasons for discharge were not pretexual, but well-founded, and the Commonwealth Court affirmed this finding. The Commission also concluded that plaintiff's discharge was not discriminatory, that there was no evidence that plaintiff was treated unequally.

These factual determinations are central to plaintiff's Title VII action. In ordinary Title VII analysis, once the defendant has proferred a legitimate business reason for the discharge, plaintiff may establish his claim either by presenting proof of discriminatory intent, or by showing that the employer's proferred business reasons are pretextual. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Plaintiff has presented no direct evidence of discriminatory intent in response to the motion for summary judgment and so we look to pretext. This issue was fully litigated in the state proceedings, indeed it was the focus, and the decision there was that the charges were true and cause for discharge. Under Pennsylvania law such a determination would invoke principles of issue preclusion, and under Federal law such a determination would be entitled to full faith and credit. *Kremer v. Chemical Construction Co.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). We therefore conclude that any charges of pretextual firing in the Title VII context is barred by the prior determination in the state proceedings.

As noted above, the Commission also considered plaintiff's claim of discriminatory discharge and found no evidence to support it. Having asserted the claim and having had the opportunity to pursue it in the state proceedings, plaintiff may not now relitigate it here.

For the reasons stated we conclude that the present action is barred under Pennsylvania's principles of issue preclusion and summary judgment in favor of defendant is warranted.